**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

ALEXANDRIA DIVISION



|  |  |
|---|---|
| UNITED STATES OF AMERICA | **UNDER SEAL** |
| v. | Case No. 1:26-CR-39 |
| CINDY ZURAWSKI BABBITT, | Counts 1–3: 18 U.S.C. §§ 1343 & 2 (Wire Fraud) |
| *Defendant.* | Forfeiture Notice |

**INDICTMENT**

February 2026 Term—at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

**COUNTS ONE THROUGH THREE**
**Wire Fraud**
(18 U.S.C. § 1343)

At all times material to this Indictment, unless otherwise specified:

**General Allegations**

1.     From in and around February 2018 through in and around December 2022, the defendant, CINDY ZURAWSKI BABBITT (hereafter "the defendant" or "BABBITT"), was employed as the Senior/Chief Financial Officer (CFO) of an audio visual and information technology company ("the Company") located in Lorton, Virginia, which is in the Eastern District of Virginia.

2.     As the CFO, the defendant owed a fiduciary duty to the Company. The defendant also signed an employment agreement, in which she agreed to "faithfully," "conscientiously," and

1

to the best her abilities, perform her duties and responsibilities, which included: (i) maintaining current income and expense reports, (ii) documenting financial transactions, and (iii) reconciling financial discrepancies. The defendant further agreed that the Company would reimburse her only for "business expenses actually and properly incurred" in connection with her duties under her employment agreement

3.      The defendant held a position of trust and had access and control of the Company's bank accounts, including a business checking account ending in -3243 at Bank A. The defendant could draw checks and initiate wire transfers from the Company's -3243 account. The defendant also had access and control of the Company's payroll system, which meant that defendant could initiate and direct payroll, direct deposit, reimbursement through payroll, and individual retirement account (IRA) contributions. The defendant could also create and change the direct deposit information for employees. Only one other individual at the Company, the Chief Executive Officer, had such access to the Company's bank accounts and payroll system.

4.      The defendant maintained a personal checking account ending in -8090 at Bank A. All transactions (check deposits, wires, etc.) between the Company's -3243 account and the defendant's -8090 account at Bank A triggered interstate wires in Virginia and Oregon.

### The Scheme and Artifice to Defraud and Its Objects

5.      Beginning at least in or around December 2018, and continuing until in or around December 2022, in the Eastern District of Virginia and elsewhere, the defendant, CINDY ZURAWSKI BABBITT, knowingly devised and intended to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and artifice,

2

did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds.

6.    The purpose of defendant's scheme and artifice to defraud was for the defendant to obtain money and property to which she was not entitled by authorizing fraudulent checks, payroll, and wire transfers drawn on the Company's bank accounts and causing the deposit of those funds directly into her personal bank account or other banking accounts that she controlled.

### The Ways, Manner, and Means of the Scheme to Defraud

The manner and means by which the defendant sought to accomplish the object or scheme included among others, the following:

7.    From in and around December 2018 through in and around February 2021, the defendant created at least 44 checks drawn on the Company's checking account at Bank A, made the checks payable to her and her husband, and signed the checks as the authorized representative of the Company. The defendant then deposited the checks into her own bank account. The checks drawn on the Company's account were not authorized by the Company and BABBITT did not record the checks in the payroll system. The total value of the fraudulent checks issued by BABBITT was approximately $89,417.

8.    From at least August 2019 through at least December 2022, BABBITT fraudulently initiated and approved 49 reimbursements through payroll to herself. Reimbursements through payroll were only authorized for employees who paid out-of-pocket business expenses, such as travel, meals, and supplies. However, the reimbursements initiated by BABBITT were not approved by the Company, nor were they for any legitimate business expenses. The total value of the fraudulent reimbursements initiated by BABBITT was approximately $142,401.

9. From in and around February 2021 through in and around October 2022, BABBITT fraudulently caused at least 428 wire transfers from the Company's business checking account to be sent to her own personal bank account. BABBITT did not record the wire transfers in the Company's payroll system. The wire transfers were not approved by the Company, nor were they for any legitimate business expenses. BABBITT falsely described some wires transfers on banking documents as payroll taxes to disguise the purpose of the wire transfers. The total value of the fraudulent wire transfers initiated by BABBITT was approximately $1,337,323.30.

10. As CFO, BABBITT had an obligation to execute legitimate purchases and accurately document reimbursements for business-related items and services. Despite her fiduciary and contractual obligations, BABBITT repeatedly and deliberately failed to execute legitimate expenses, document reimbursements, and disclose non-business-related expenditures.

11. Once the fraudulent funds from the Company were deposited into BABBITT's account, BABBITT and her husband used the fraud proceeds for purchases at retail stores, such as Tiffany & Co, Saks Fifth Avenue, Versace, Burberry, Balmain, Cartier, and Louis Vuitton.

## Executions of the Scheme to Defraud

12. On or about the dates indicated in the table below, in the Eastern District of Virginia and elsewhere, the defendant,

### CINDY ZURAWSKI BABBITT,

having knowingly devised and intending to devise the aforementioned scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly transmitted and caused to be transmitted, by means of wire communications in interstate and foreign commerce writings, signs, signals, pictures, and

4

sounds for the purpose of executing the above-described scheme and artifice to defraud, as indicated below, each count being a separate offense:

| Count | Approx. Date | Description |
|---|---|---|
| 1 | June 2, 2021 | Direct deposit of an unauthorized reimbursement through payroll in the amount of $15,079.69 from the Company's -3243 account, which was credited to BABBITT's -8090 bank account via interstate wire using bank servers located in Virginia and Oregon. |
| 2 | June 28, 2021 | Unauthorized transfer of $11,569.00 from the Company's -3243 account, which was credited to BABBITT's -8090 bank account via interstate wire using bank servers located in Virginia and Oregon. |
| 3 | December 11, 2021 | Unauthorized transfer of $5,780.55 from the Company's -3243 account, which was credited to BABBITT's -8090 bank account via interstate wire using bank servers located in Virginia and Oregon. |

(All in violation of Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE NOTICE

THE GRAND JURY FURTHER FINDS PROBABLE CAUSE FOR FORFEITURE, AS DESCRIBED BELOW:

Pursuant to Federal Rule of Criminal Procedure 32.2(a), the defendant, CINDY ZURAWSKI BABBITT, is hereby notified that if convicted of any offense alleged in Counts One through Three, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

Pursuant to 21 U.S.C. § 853(p), CINDY ZURAWSKI BABBITT shall forfeit substitute property, if, by any act of omission of the defendant's the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(Pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c); and Fed. R. Crim. P. 32.2).

A TRUE BILL

Pursuant to the E-Government Act,
The original of this page has been filed
under seal in the Clerk's Office

Grand Jury Foreperson

Todd W. Blanch
Deputy Attorney General

By: _____
Zachary H. Ray
Assistant United States Attorney

6