

**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:26-cr-39 |
| v. | |
| CINDY ZURAWSKI BABBITT, | |
| *Defendant.* | |

## STATEMENT OF FACTS

The United States and the defendant, Cindy Zurawski Babbitt (hereinafter, "the defendant"), agree that, at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. From in and around February 2018 through in and around December 2022, the defendant was employed as the Chief Financial Officer ("CFO") of an audio visual and information technology company ("the Company") located in Lorton, Virginia, which is in the Eastern District of Virginia.

2. As the CFO, the defendant owed a fiduciary duty to the Company. The defendant also signed an employment agreement, in which she agreed to "faithfully," "conscientiously," and to the best her abilities, perform her duties and responsibilities. The defendant further agreed that the Company would reimburse her only for "business expenses actually and properly incurred" in connection with her duties under her employment agreement.

1

3.     The defendant held a position of trust and had access and control of the Company's bank accounts, including a business checking account. The defendant maintained a personal checking account. All transactions (check deposits, wires, etc.) between the Company's account and the defendant's account triggered interstate wires in Virginia and Oregon.

4.     Beginning in December 2018 and continuing until December 2022, the defendant, via the authorization of fraudulent checks, payroll, and wire transfers, caused the deposit of approximately $1,561,841.30 from the Company's bank accounts to her personal bank account or other banking accounts that she controlled:

a)     between December 2018 and February 2021, the defendant created at least 44 checks drawn on the Company's checking account, made the checks payable to her and her husband, and signed the checks as the authorized representative of the Company. The defendant then deposited the checks into her own bank account. The checks drawn on the Company's account were not authorized by the Company and Babbitt did not record the checks in the payroll system. The total value of the fraudulent checks issued by Babbitt was approximately **$82,117**.

b)     Between August 2019 and December 2022, Babbitt fraudulently initiated and approved 49 reimbursements through payroll to herself. Reimbursements through payroll were only authorized for employees who paid out-of-pocket business expenses, such as travel, meals, and supplies. However, the reimbursements initiated by Babbitt were not approved by the Company, nor were they for any legitimate business expenses. The total value of the fraudulent reimbursements initiated by Babbitt was approximately **$142,401**.

c)    Between February 2021 and October 2022, Babbitt fraudulently caused at least 428 wire transfers from the Company's business checking account to be sent to her own personal bank account. Babbitt did not record the wire transfers in the Company's payroll system. The wire transfers were not approved by the Company, nor were they for any legitimate business expenses. Babbitt falsely described some wires transfers on banking documents as payroll taxes to disguise the purpose of the wire transfers. The total value of the fraudulent wire transfers initiated by Babbitt was approximately **$1,337,323.30**.

5.    As CFO, Babbitt had an obligation to execute legitimate purchases and accurately document reimbursements for business-related items and services. Despite her fiduciary and contractual obligations, Babbitt repeatedly and deliberately failed to execute legitimate expenses, document reimbursements, and disclose non-business-related expenditures.

6.    Once the fraudulent funds from the Company were deposited into Babbitt's account, Babbitt used the fraud proceeds for purchases at retail stores, such as Tiffany & Co, Saks Fifth Avenue, Versace, Burberry, Balmain, Cartier, and Louis Vuitton.

3

## Conclusion

7.      This statement is being submitted to demonstrate that sufficient facts exist to establish that the defendant committed the offense to which he is pleading guilty. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

8.      The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Todd W. Blanche
Acting Attorney General

By:    _____
Madison H. Mumma
Assistant United States Attorney

4

Defendant's Signature: After consulting with my attorney, and pursuant to the plea agreement entered into this day between me, Cindy Z. Babbitt, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that, had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

Date: 7-7-26

_____
Cindy Z. Babbitt

Defense Counsel's Signature: I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with her. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Date: 7-7-26

_____
Nate Wenstrup
Counsel for the defendant

5